## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Smith et al., | Case No. 21-cv-1410 (KMM/DTS)[1] |
| Plaintiff, | |
| v. | |
| | **ORDER** |
| Stillwater Masonry Restoration, Inc., | |
| Defendant. | |

This matter came before the Court on Plaintiff's Motion for Entry of Default Judgment (Dkt. No. 69). Christy E. Lawrie of McGrann Shea Carnival Straughn & Lamb, Chartered, appeared for and on behalf of the Plaintiffs. The Defendant did not appear.

The Court, having reviewed the Complaint, the Clerk of Court's Entry of Default, the Declaration of Christy E. Lawrie in Support of the Motion for Entry of Default Judgment, Plaintiff's Memorandum of Law in Support of Motion for Entry of Default Judgment, and upon all files, records and proceedings herein, makes the following findings.

## I.    FINDINGS OF FACT

1. The Complaint was filed with the Court on June 16, 2021. (Dkt. No. 1)

2. The Complaint was served on Defendant Stillwater Masonry Restoration, Inc. ("Stillwater Masonry") on June 17, 2021. (Dkt. No. 4)

3. Stillwater Masonry filed an Answer on July 15, 2021. (Dkt. No. 10).

---

[1] Due to the retirement of Magistrate Judge Becky R. Thorson, this case was reassigned to Magistrate Judge David T. Schultz.

4. Following some discovery, several motions, hearings, and status conferences, United States Magistrate Judge Becky R. Thorson granted the Defendant's Motion to Withdraw as Counsel on July 12, 2022. (Dkt. No. 63).

5. On August 12, 2022, the Defendant, by and through its owner Todd Konigson requested an extension to obtain new counsel. (Dkt. No. 64).

6. Judge Thorson granted Stillwater Masonry's request, giving it until September 9, 2022 to obtain new counsel. (Dkt. No. 64).

7. Stillwater Masonry failed to file an Answer with the Clerk of Court or serve an appropriate Answer upon the Funds' counsel, and the time allowed by law for Stillwater Masonry to answer the Complaint lapsed.

8. The Clerk entered Default on September 14, 2022. (Dkt. No. 67)

9. Plaintiffs are Trustees and fiduciaries of the Minnesota Laborers Health and Welfare Fund, the Minnesota Laborers Pension Fund, the Minnesota Laborers Vacation Fund, the Construction Laborers Education, Training, and Apprenticeship Fund of Minnesota and North Dakota, and the Minnesota Laborers Employers Cooperation and Education Trust ("the Funds").

10. The Funds are multi-employer, jointly-trusteed fringe benefit plans created and maintained pursuant to Section 302(c)(5) of the Labor Management Relations Act of 1947 ("LMRA"), as amended 29 U.S.C. § 186(c)(5).

11. The Funds are administered in accordance with the provisions of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. § 1001, et seq. ("ERISA").

12. The Funds are exempt from federal taxation pursuant to the Internal Revenue Code.

13. Defendant accepted and agreed to be bound to the terms of a collective bargaining agreement negotiated between the Metropolitan Builders Division of Associated General Contractors of Minnesota, the Minnesota Concrete and Masonry Contractors Association, the Minnesota Drywall and Plaster Association and the Laborers' District Council of Minnesota and North Dakota on behalf of its affiliated local unions covering the period May 1, 2019 through April 30, 2022 ("CBA").

14. The CBA requires Stillwater Masonry to contribute every month, not later than the 15th day of the following month, contributions to the Funds in an amount set forth in the CBA for each hour worked by its employees covered by the CBA.

15. The CBA requires Stillwater Masonry to accurately report and calculate the contributions due and owing in any given month to the Funds on a remittance report form which must be submitted with Stillwater Masonry's monthly payment to the Funds.

16. The CBA states that Stillwater Masonry shall be considered delinquent for a particular month if the required report and payment are not postmarked on or before the 15th day of the following month.

17. The CBA further requires Stillwater Masonry to promptly furnish to the Funds' authorized agents all federal forms W2s and W3s, federal quarterly 941 forms, federal forms 1099s and 1096s, Minnesota Unemployment Quarterly Reports (MUTAs or MN UCs) or any similar state required quarterly reports, timecards, payroll and check registers, and any other relevant information that may be required.

18. The Funds' authorized agent requested that Stillwater Masonry submit a complete set of its payroll and employment records specified in the CBA for the period of August 17, 2020 through April 2022 ("Audit Period").

19. Stillwater Masonry breached the terms of the CBA by failing to produce a complete set of payroll and employment records as specified in the CBA for the Audit Period.

20. Following the filing of this litigation and numerous motions before the Court, Stillwater Masonry produced payroll and employment records sufficient to complete an audit for the Audit Period.

21. Specifically, following a review of the payroll and employment records, the Funds' authorized agent determined that there were hours worked by Stillwater Masonry's employees who were covered by the CBA for which Stillwater Masonry did not submit the required contributions to the Funds.

22. The Funds' authorized agent determined that $258,049.81 was due and owing for delinquent contributions for the Audit Period.

23. The CBA states that if Stillwater Masonry becomes delinquent, Stillwater Masonry shall be required to pay as liquidated damages an amount equal to 10% of the payment otherwise due.

24. Liquidated damages in the amount of $25,804.98 is due and owing for the Audit Period.

25. The CBA states that if Stillwater Masonry becomes delinquent, Stillwater Masonry shall be required to pay interest on all delinquent contributions at the rate prescribed by the Trustees of the Funds.

26. The Funds' Collection Policy further provides for the collection of interest at a rate equal to the actuarial assumed rate of return for the Minnesota Laborers Pension Fund plus 0.5 percent.

27. The current actuarial assumed rate of return for the Minnesota Laborers Pension Fund is 7.25 percent. As such, the Funds are entitled to interest on the unpaid contributions at a rate of 7.75 percent annually.

28. Interest on the unpaid contributions in the amount of $30,261.17 is due and owing for the Audit Period.

29. The CBA states that delinquent employers shall be required to pay all costs of collection actually incurred by the Funds, including all attorneys' fees, service fees, filing fees, court reporter fees, and all other fees, costs, disbursements incurred by or on behalf of the Funds in collecting amounts due.

30. The Funds incurred attorneys' fees and costs in the amount of $34,036.58 pursuing this delinquency.

31. Pursuant to 29 U.S.C. §1132(g)(2)(C) and the CBA, if Defendant failed to timely pay employer contributions, then, in addition to such contributions, Defendant becomes obligated to pay statutory damages in an amount equal to the greater of (i) interest on the unpaid contributions, or (ii) liquidated damages in an amount of ten percent (10%) of the unpaid contributions.  Here, the $30,261.17 in interest on the unpaid contributions is greater than the liquidated damages amount of $25,804.98.

32. The Defendant was served with a copy of Plaintiffs' Motion for Entry of Default Judgment, Memorandum of Law, the accompanying declarations, and the Clerk's Entry of

Default. (Dkt. No. 75.) The Motion for Entry of Default Judgment was served upon Todd Konigson, the Defendant's registered agent, on February 15, 2023. The record reflects that Defendant participated in earlier stages of the proceedings in this case but has not engaged in proceedings since August 2022.

## II.   CONCLUSIONS OF LAW

1. Stillwater Masonry is in default and the Funds are entitled to entry of judgment.

2. Stillwater Masonry is liable to the Funds in the amount of $318,572.15 for unpaid contributions and double interest for the Audit Period.

3. Stillwater Masonry is liable to the Funds in the amount of $34,036.58 for the Funds' reasonable attorneys' fees and costs.

## III.   ORDER

Based on the foregoing Findings of Fact and Conclusions of Law, it is **HEREBY ORDERED** that**:**

1.     Plaintiff's Motion for Entry of Default Judgment (Dkt. No. 69) is granted.

2.     Judgment in the amount of $352,608.73 be entered against Defendant Stillwater Masonry Restoration, Inc., and in favor of the Plaintiffs. Of that amount, $258,049.81 is for delinquent contributions, $60,522.34 is for double interest, and $34,036.58 is for attorneys' fees and costs.

3.     Plaintiff's counsel shall serve a copy of this Order upon the Defendant.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: April 3, 2023

_s/ Katherine Menendez_
Katherine Menendez

United States District Judge